In re Matter of Special S'holders' Meeting of Phytonix Corp., 2020 NCBC 3.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 17320

IN RE MATTER OF SPECIAL
SHAREHOLDERS' MEETING OF
PHYTONIX CORPORATION

ORDER AND OPINION
ON APPLICATION FOR COURT-
ORDERED SHAREHOLDER
MEETING

1. **THIS MATTER** is before the Court following the initiation of this action by Bruce Dannenberg ("Dannenberg") by the filing of an Application for Court-Ordered Shareholder Meeting Pursuant to N.C.G.S. § 55-7-03 (the "Application") on December 27, 2019, (ECF No. 3), and the filing by Phytonix Corporation ("Phytonix") of its Motion to Dismiss or, Alternatively, to Set Annual General Meeting in Lieu of Special Shareholder Meeting (the "Phytonix Motion") filed on January 7, 2020, (Mot. Dismiss or, Alternatively, Set an Annual Meeting, ECF No. 8 ["Phytonix Mot."]). Following a hearing on these matters, the Court **GRANTS** the Application and **DENIES** the Phytonix Motion for the reasons stated herein.

> *Moore & Van Allen PLLC, by Christopher Donald Tomlinson, for Plaintiff Bruce Dannenberg*
>
> *Womble Bond Dickinson (US) LLP, by James A. Dean and Brent F. Powell, for Defendant Phytonix Corporation*

Robinson, Judge.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

2.    This action arises out of a minority shareholder's written demand for a special shareholders' meeting pursuant to N.C.G.S. § 55-7-02(a)(2) and the

corporation's failure to timely notice and hold the special shareholders' meeting. Dannenberg, who owns just over 26% of Phytonix's outstanding shares, demanded that the corporation hold a special shareholders' meeting for the purpose of voting on the removal of four directors of the corporation. When Phytonix did not notice the special shareholders' meeting within the timeframe requested by Dannenberg, Dannenberg filed the Application pursuant to N.C.G.S. § 55-7-03(a)(2), which gives the Court the power to summarily order a special shareholders' meeting upon the finding of certain facts.

3. Following the filing of the Application, this proceeding was designated to the North Carolina Business Court by Order of the Chief Justice of the Supreme Court of North Carolina on January 2, 2020, (ECF No. 1), and assigned to the undersigned Special Superior Court Judge on the same day by order of Chief Business Court Judge Louis A. Bledsoe, III, (ECF No. 2). Following designation and assignment, the Court held a status conference hearing with counsel for Dannenberg and Phytonix on January 3, 2020. (*See* ECF No. 6.) At the January 3, 2020 hearing, counsel for Phytonix provided the Court with a copy of a resolution adopted by Phytonix's Board of Directors (the "Board") on January 3, 2020 that set a special shareholders' meeting for January 31, 2020 (the "Resolution"). (*See* ECF No. 9.12.) The Court entered a Briefing Order permitting Phytonix the opportunity to submit a brief and evidence in opposition to the relief sought in the Application and, similarly, permitting Dannenberg the opportunity to reply to Phytonix's brief and supplement his Application. (*See* Briefing Order ¶ 4, ECF No. 7.)

4.    Phytonix submitted a Brief in Response to Application for Court-Ordered Shareholder Meeting (the "Response") on January 7, 2020.  (ECF No. 15.)  In addition to the Response, Phytonix filed the Affidavit of Gordon Skene, Phytonix's Chief Executive Officer and Chairman of the Board, with various exhibits attached thereto, and the Affidavit of one of its counsel, Brent F. Powell, attaching documentary exhibits.  (ECF Nos. 9, 10, 12–14.)  Also on January 7, 2020, Phytonix filed the Phytonix Motion seeking to either (1) dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Rule(s)") and/or deny the Application as premature and moot (which is also an argument raised in the Response), or (2) schedule an annual general meeting of Phytonix's shareholders in lieu of the special shareholders' meeting requested in the Application.  (Phytonix Mot. 1.)

5.    On January 9, 2020, Dannenberg filed his Response in Opposition to Motion to Dismiss and in Support of Application for Court-Ordered Shareholders' Meeting (the "Reply"), three exhibits (attached to the Reply), and the Affidavit of Bruce Dannenberg with several exhibits attached thereto.  (ECF Nos. 16, 17.)

6.    On January 10, 2020, the Court held a hearing on the Application and the parties' respective positions regarding the relief sought by Dannenberg therein, at which all parties were represented by counsel.   At the hearing, counsel for Phytonix provided the Court with several additional documentary exhibits, all of which have been electronically filed by the Court making them a part of the record. (*See* ECF Nos. 18–20.)

7.   In both the Response and the Phytonix Motion, Phytonix argues that the Court lacks subject matter jurisdiction to consider the Application because Dannenberg filed his Application prematurely. As the Court's jurisdiction is a threshold question, the Court addresses this argument first. *See* N.C.G.S. § 1A-1, Rule 12(h)(3) (providing that a court shall dismiss the action when it appears that the court lacks subject matter jurisdiction).

## II.   PHYTONIX'S RULE 12(b)(1) ARGUMENT

8.   The Application requests that the Court summarily order Phytonix to hold a special shareholders' meeting consistent with Dannenberg's December 4, 2019 written demand upon the corporation pursuant to sections 55-07-02 and -03 of the North Carolina Business Corporation Act.

9.   Section 55-07-02(a)(2) mandates, in part, that:

> A corporation shall hold a special meeting of shareholders . . . [i]n the case of a corporation that is not a public corporation, within 30 days after the holders of at least ten percent (10%) of all the votes entitled to be cast on any issue proposed to be considered at the proposed special meeting sign, date, and deliver to the corporation's secretary one or more written demands for the meeting describing the purpose or purposes for which it is to be held.

10.   Section 55-07-03(a)(2) then provides, in part:

> The superior court of the county where a corporation's principal office (or, if none in this State, its registered office) is located may, after notice is given to the corporation, summarily order a meeting to be held . . . on application of a shareholder who signs a demand for a special meeting valid under G.S. 55-7-02, if the corporation does not proceed to hold the meeting as required by that section.

11.   Dannenberg represents in his Application that he satisfied the written demand requirements under section 55-7-02 and therefore that the Court may

summarily order a special shareholders' meeting be held pursuant to his demand. Phytonix argues that Dannenberg's filing of the Application was premature because Dannenberg sent the written demand on December 4, 2019, thereby triggering the thirty-day period under section 55-7-02(a)(2) within which Phytonix was required to hold the special shareholders' meeting, but filed the Application on December 27, 2019, a week prior to the period's January 3, 2020 expiration.

12. The standard of review for an application to compel a special shareholders' meeting pursuant to section 55-7-03 has not yet been addressed by our courts. The Court, therefore, relies upon the statutory structure of sections 55-7-02 and -03, the Official Comments thereto, and other similar statutes in the North Carolina Business Corporation Act.

13. Section 55-7-03(a)(2) states that the Court has jurisdiction to summarily order a special shareholders' meeting "if the corporation does not proceed to hold the meeting" within the specified time period. Section 55-7-02(a)(2) clearly states that the corporation "shall hold a special meeting . . . within 30 days" after the corporation's secretary receives the shareholder's written demand. In order to hold a special shareholders' meeting, a corporation must properly notify shareholders of the date, time, and place of the meeting. *Id.* § 55-7-05(a). By statute, a special shareholders' meeting must be noticed "no fewer than 10 . . . days before the meeting date." *Id.* The Amended and Restated Bylaws of Phytonix Corporation (the "Bylaws") provide for 15 days' notice, which is 5 days' more notice than the statutory minimum and therefore controls. *See id.* § 55-2-06(b). Accordingly, for Phytonix to properly

notice the special shareholders' meeting demanded by Dannenberg, it would have had to notice the meeting at least 15 days before January 3, 2020 (i.e., by December 19, 2019). Phytonix's failure to notice the meeting by that deadline precluded Phytonix from holding the meeting within the 30-day period mandated by statute. Because Phytonix's inability to hold the required meeting became effective (and known to Dannenberg) on December 19, 2019, when it had not "proceed[ed] to hold the meeting," the Court concludes that Dannenberg's filing of the Application on December 27, 2019 was not premature.

14. While Phytonix argues that dismissal pursuant to Rule 12(b)(1) is consistent with the legal precedents related to the institution of shareholder derivative actions, the Court concludes that the statutory framework and our courts' treatment of a shareholder's standing to bring a derivative proceeding under N.C.G.S. § 55-7-42(2) is fundamentally different and not controlling on this situation.

15. For these reasons, the Court concludes that Dannenberg's Application was not filed prematurely, and the Court has subject matter jurisdiction to consider the Application.

16. Phytonix also argues that the Resolution passed by the Board on January 3, 2020 to hold a special shareholders' meeting on January 31, 2020 moots the need for the Court to consider the Application. The Court disagrees. Once a corporation violates section 55-7-02, the Court, rather than the corporation, has the authority to set the time and place of the meeting. The Resolution proposed a special shareholders' meeting for January 31, 2020, which is over a month after the date on

which Dannenberg's demand sought to hold a special meeting (December 20, 2019) and almost a month after January 3, 2020, the statutory deadline for doing so.

17.    While the Court may not be able to order that a meeting occur at a time that has passed, it certainly has the authority pursuant to section 55-7-03 to summarily order that the meeting take place before January 31, 2020.  In fact, the language of the statute is clear that the Court has significant discretion in setting the special shareholders' meeting and on what terms:

> the court may fix the time and place of the meeting, determine the shares entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the form and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting (or direct that the votes represented at the meeting constitute a quorum for action on those matters), enter other orders necessary to accomplish the purpose or purposes of the meeting, and award such reasonable expenses, including attorneys' fees, as it deems appropriate.

N.C.G.S. § 55-7-03(b).

18.    Furthermore, the Resolution differs from the special shareholders' meeting demanded by Dannenberg in several important ways, including the matters to be voted on and the location of the meeting.  It follows, therefore, that the Resolution adopted by the Board to set a special shareholders' meeting outside of the statutory timeframe, and on terms different from Dannenberg's demand, does not moot the issue before the Court.

19.    Thus, for the reasons set forth above, the Court concludes that Dannenberg's Application is timely made and the Motion should be denied.  The Court now turns to the Application's merits.

## III. APPLICATION

20.     After reviewing the record evidence properly before the Court, the arguments of counsel for Dannenberg and Phytonix, and pursuant to N.C.G.S. § 55-7-03, the Court makes the following findings of fact:

## FINDINGS OF FACT

21.     Phytonix is an industrial biotechnology company with currently over 196 million shares of stock outstanding, held by approximately 131 different shareholders spread across five countries, two territories, and three continents. (Skene Aff. ¶ 7.)

22.     Dannenberg is an owner of 51,782,000 shares of stock of Phytonix, which represents 26.3% of the company's outstanding shares. (Dannenberg Aff. ¶ 7.)

23.     Phytonix is a North Carolina nonpublic corporation with its registered office in Wake County, North Carolina. (Dannenberg Aff. ¶ 2.)

24.     Phytonix currently has six (6) duly elected directors: Dannenberg, Michael Weedon ("Weedon"), Gordon Skene ("Skene"), Richard Hopp ("Hopp"), Bill Cory ("Cory"), and John Robertshaw ("Robertshaw"). (Dannenberg Aff. ¶¶ 5–6.)

25.     On December 4, 2019, Dannenberg signed, dated, and delivered a written demand for a special shareholders' meeting pursuant to Article II of the Bylaws and section 55-7-02 of the North Carolina Business Corporation Act. (Dannenberg Aff. ¶ 18.)

26.     The demand letter requested that Phytonix hold a special shareholders' meeting by December 20, 2019, if possible but in any event, no later than 30 days from the date of the demand letter. The demand letter requested that the meeting

be held at Phytonix's principal office at the time, a location in Black Mountain, North Carolina. (Dannenberg Aff. ¶ 19.)

27. The stated purpose of this special shareholders' meeting was to seek removal of four of the directors: Skene, Hopp, Cory, and Robertshaw. (Dannenberg Aff. ¶ 19.)

28. After December 4, 2019, Skene, Hopp, and Cory voted to transfer Phytonix's principal office from Black Mountain, North Carolina to North Vancouver, British Columbia. (Dannenberg Aff. ¶ 22.) Notwithstanding this transfer, Phytonix remains a North Carolina corporation. (Dannenberg Aff. ¶ 23.)

29. 44.42% of Phytonix's outstanding shares are held by North Carolina residents. (Dannenberg Aff. ¶ 25.)

30. More than thirty (30) days have passed since Dannenberg's written demand was signed, dated, and delivered to Phytonix's secretary.

31. Rather than timely comply with Dannenberg's demand, the Board passed the Resolution on January 3, 2020 by majority vote, proposing to set a special shareholders' meeting for January 31, 2020. (Ex. L to Skene Aff.) The proposed January 31, 2020 special shareholders' meeting described in the Resolution has not been noticed.

32. Phytonix did not notice the special shareholders' meeting demanded by Dannenberg by December 19, 2019, as required by the Bylaws, or alternatively by December 24, 2019, as required by section 55-7-05(a).

33.     Consistent with these findings of fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

34.     Phytonix is a not a public corporation pursuant to N.C.G.S. § 55-1-40(18a).

35.     Dannenberg is a shareholder owning at least ten percent (10%) of all the votes entitled to be cast on an issue to be considered and voted on by Phytonix's shareholders.

36.     Accordingly, Dannenberg had authority pursuant to section 55-7-02(a)(2) to make the written demand for a special shareholders' meeting.

37.     Pursuant to the Bylaws, Phytonix was required to notice the special shareholders' meeting requested by Dannenberg by December 19, 2019, but in any event, was statutorily required pursuant to sections 55-7-02(a)(2) and -05(a) to notice the special shareholders' meeting by December 24, 2019, and its failure to do so disallowed the corporation from timely holding the special shareholders' meeting.

38.     Pursuant to section 55-7-02(a)(2), Phytonix was required to hold the special shareholders' meeting on or before January 3, 2020 and its failure to do so provides the Court with the authority to summarily order a meeting to be held.

39.     The purpose set forth in the Application is not duplicative or unnecessary.

40.     Because the statutory requirements of 55-7-03 are satisfied, Dannenberg is entitled to the relief he seeks in the Application and the Court shall summarily order that a special shareholders' meeting be held.

41.     Because Phytonix's Resolution setting the special shareholders' meeting for January 31, 2020 is nearly a month past the date Dannenberg was statutorily entitled to have a special shareholders' meeting for the purposes set forth in his demand, and this proposed meeting date has not been noticed as of yet, the Board's Resolution is rejected by the Court and shall not set forth the terms for the special shareholders' meeting to be ordered herein.

42.     To wait until January 31, 2020 to hold the special shareholders' meeting could result in the Board taking actions counter to Dannenberg's rights as a shareholder and, therefore, the Court concludes that the meeting shall take place as soon as possible, taking into account the desirability of providing reasonable notice to the corporation's shareholders.

## IV.     CONCLUSION

43.     Based on the Court's forgoing analysis, findings of fact, and conclusions of the law, the Court hereby **ORDERS** as follows:

A.     Phytonix shall immediately and in any event on or before January 14, 2020 provide written notice of a meeting of Phytonix's shareholders ("the Shareholder Notice") to each of the shareholders of Phytonix by e-mail communication with confirmation copies of the notice being placed in the custody of the United States Postal Service separately and properly addressed to each of the shareholders with sufficient postage affixed. A copy of the Shareholder Notice that shall be sent to the shareholders is attached hereto as Exhibit A.

B.   The Shareholder Notice shall notify the shareholders of Phytonix that a meeting of the shareholders shall occur on Friday, January 24, 2020 beginning at 1:00 p.m. Eastern Standard Time in Charlotte, North Carolina at a location to be determined by the parties at a later date, which will be supplemented by order of the Court. The Shareholder Notice shall provide the specific street address, suite number, and other information reasonably necessary for a shareholder to locate and appear in Charlotte for the meeting.

C.   The Shareholder Notice shall further notify the shareholders of Phytonix that they may participate in the special shareholders' meeting either by attending the meeting in person or alternatively through proper completion of the proxy card attached to this Order as Exhibit B.

D.   The Shareholder Notice shall further notify the shareholders that the purpose for the meeting shall be to consider and vote upon whether to remove as directors one or more of the following individuals: Skene, Hopp, Cory, and Robertshaw.

E.   Counsel for Phytonix is to file with the Court, and provide by e-mail to counsel for Dannenberg simultaneously with the e-mailing of the Shareholder Notice, a copy of the Shareholder Notice that is actually distributed to the shareholders and shall certify that the Shareholder Notice has, in fact, been distributed to the shareholders in compliance with this Order.

F.   The number of shares represented by shareholders who appear at the shareholder meeting, in person or by proxy, will represent a quorum.

G.   The shareholder record date is December 4, 2019.

H.   The parties shall attempt to agree upon an individual to serve as scrutineer for the special shareholders' meeting and shall notify the Court on or before January 14, 2020 as to the parties' agreement on a scrutineer, if any agreement is made.  The Court intends to supplement its Order herein once a scrutineer is agreed to, or in the absence of agreement, the Court shall select one from a list of proposed candidates either separately or jointly submitted by counsel for the parties.

I.   The Phytonix Motion seeking to dismiss the application pursuant to Rule 12(b)(1), Rule 12(b)(6), and section 55-7-03(a) is **DENIED**.

J.   Phytonix's request that the Court expand the special shareholders' meeting as set forth in its January 3, 2020 Resolution to include the appointment of directors and to vote on the removal of Weedon and Dannenberg is **DENIED**.

K.   Phytonix's request that the Court set an annual general meeting in lieu of the special shareholders' meeting is **DENIED**.

L.   The Court reserves for later determination Dannenberg's request for his reasonable expenses, including attorneys' fees, incurred in bringing the Application before the Court.

M.     The Court separately determines that, pursuant to Rule 5, utilization of the North Carolina Business Court's electronic filing system shall constitute proper service of filings on opposing counsel.

**SO ORDERED**, this the 11th day of January, 2020.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases

# EXHIBIT A

[OPTIONAL: INSERT CORPORATE LOGO]

**Phytonix Corporation**
**2204 Old Dollarton Road**
**North Vancouver**
**British Columbia, Canada**
**1-604-790-8989**

**NOTICE OF SPECIAL MEETING OF SHAREHOLDERS**
**TO BE HELD ON JANUARY 24, 2020 AT 1:00 P.M., EASTERN TIME**

A Special Meeting of Shareholders (the "Special Meeting") of Phytonix Corporation (the "Company") will be held at the offices of (TBD) on January 24, 2020 at 1:00 p.m., Eastern Time, for the following purposes:

1. To vote on a proposal by shareholder Bruce Dannenberg to remove Messrs. Gordon Skene, Richard Hopp, Bill Cory, and John Robertshaw from the Company's Board of Directors.

No other business will be transacted at the Special Meeting.

We have fixed December 4, 2019 as the record date for the determination of shareholders entitled to notice of and to vote at the Special Meeting. Only holders of record of the Company's common stock at the close of business on that date will be entitled to notice of and to vote at the Special Meeting and any adjournments thereof.

You are cordially invited to attend the Special Meeting and vote your shares in person. If you do not plan to attend the Special Meeting, you may appoint a proxy to vote your shares at the Special Meeting on your behalf, as described on the enclosed proxy card. Proxy cards may be sent to [meeting scrutineer] or email to Semon Whitford, Corporate Secretary (swhitford@phytonix.com). Any proxy may be revoked at any time prior to its exercise at the Special Meeting.

By order of the Board of Directors,


Gordon Skene,
Chairman of the Board of Directors

January 14, 2020



EXHIBIT B

## SPECIAL MEETING OF SHAREHOLDERS OF
# PHYTONIX CORPORATION
**January 24, 2020**
**1:00 p.m. Eastern Time**

---

**IN PERSON** – You may vote your shares in person by attending the Special Meeting at the offices of (TBD).

**BY PROXY** – In lieu of voting your shares in person at the Special Meeting, you may appoint a proxy to vote your shares on your behalf at the Special Meeting by completing, signing, dating and mailing or e-mailing your proxy card to [meeting scrutineer], or [E-MAIL ADDRESS].

| | |
|---|---|
| **COMPANY** | **Phytonix Corporation** |
| **SHAREHOLDER** | **[SHAREHOLDER NAME]** |
| **CONTROL NO.** | |

**THIS PROXY CARD IS VALID ONLY WHEN SIGNED AND DATED.**

**PLEASE SIGN, DATE AND RETURN PROMPTLY.**

The undersigned Shareholder hereby constitutes and appoints _____ as the undersigned Shareholder's true and lawful attorney and agent in the undersigned Shareholder's name, place and stead, to vote as the undersigned Shareholder's proxy at the Special Meeting for all purposes and business to be transacted at the Special Meeting, including in respect of the following matter:

> SHAREHOLDER BRUCE DANNENBERG'S PROPOSAL FOR REMOVAL OF MESSRS. GORDON SKENE, RICHARD HOPP, BILL CORY, AND JOHN ROBERTSHAW FROM THE COMPANY'S BOARD OF DIRECTORS.

For address changes and/or comments, please check this box and write them on the back where indicated: ☐
Please indicate if you plan to attend the Special Meeting: ☐

This Proxy revokes any proxies previously given. The undersigned Shareholder may revoke this Proxy at any time prior to the vote at the Special Meeting.

**WITNESS my hand this _____ day of January, 2020.**

| | |
|---|---|
| | |
| Signature of Shareholder | Signature (Joint Owners) |
| | |
| Printed Name of Shareholder | Printed Name (Joint Owners) |

NOTE: Please sign exactly as your name or names appear on this Proxy. When shares are held jointly, each holder should sign. When signing as executor, administrator, attorney, trustee or guardian, please give full title as such. If the signer is a corporation, please sign full corporate name by duly authorized officer, giving full title as such. If signer is a partnership, please sign in partnership name by authorized person.

**PLEASE MARK, SIGN, DATE, AND RETURN THIS PROXY CARD PROMPTLY BY E-MAILING IT TO [E-MAIL ADDRESS].**

Address Changes/Comments:_____

_____